```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DIANA D. SCHMIDT,                       :
                    Plaintiff,          :
                                        :      06 Civ. 5461 (DLC)
          -v-                           :
                                        :      OPINION AND ORDER
NEW YORK STATE DEPARTMENT OF LABOR et   :
al.,                                    :
                    Defendants.         :
                                        :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Sanjay Chaubey
Law Offices of Sanjay Chaubey
Empire State Building
350 Fifth Avenue, Suite 5013
New York, New York 10119

For Defendants:
Eliot Spitzer, Attorney General of the State of New York
M. Patricia Smith, Assistant Attorney General in Charge of the Labor Bureau
Steven Koton, Assistant Attorney General
Marjorie S. Leff, Assistant Attorney General
120 Broadway, 26th Floor
New York, New York 10271

DENISE COTE, District Judge:

 Plaintiff Diana Schmidt ("Schmidt") brings the present action against defendants New York State Department of Labor ("DOL"), the Commissioner of the DOL, and the Supervisor of the Claims Service Subdivision of the DOL (collectively, "Defendants"). Schmidt alleges that Sections 594 and 597(4) of the New York State Labor Law ("Sections 594 and 597(4)") violate

the Due Process Clause of the Fourteenth Amendment to the United States Constitution, that the DOL's finding that Schmidt willfully made false statements to obtain unemployment benefits constitutes a "stigma plus" violation actionable under 42 U.S.C. § 1983, and that the Defendants violated her due process rights by finding, without evidence, that she willfully made a false statement to obtain benefits.  The Defendants have filed a motion to dismiss Schmidt's action, contending that it is barred by collateral estoppel, that she lacks standing, that the Eleventh Amendment to the United States Constitution bars several claims, that the individual Defendants have qualified immunity, and that the claims fail on their merits.

BACKGROUND

The following facts are undisputed or taken from the complaint, documents integral to the complaint, and relevant public records from Schmidt's state administrative and judicial proceedings.  See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004).

From approximately October 17, 2001 through January 22, 2002, Schmidt applied for and collected unemployment compensation from the DOL Unemployment Insurance Division.  By notice dated July 30, 2002, the DOL informed Schmidt that it had determined that she was "not totally unemployed" during that period.  The DOL also enclosed a "Notice of Determination of

2

Willful Misrepresentation," which stated that Schmidt had willfully made false statements in order to obtain unemployment compensation benefits and was therefore required to refund to the DOL the benefits that she had received.

Schmidt contested this finding at a hearing before an Administrative Law Judge ("ALJ").  The ALJ affirmed the finding in the Notice of Determination and Willful Misrepresentation.  On administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision.  The New York Supreme Court, Appellate Division, Third Department ("Appellate Division") affirmed the agency adjudication.  <u>Matter of Schmidt (Comm'r of Labor)</u>, 776 N.Y.S.2d 642 (App. Div. 2004).  The Appellate Division denied Schmidt's motion for reargument, or, in the alternative, for permission to appeal to the New York Court of Appeals.  The New York Court of Appeals denied Schmidt's motion for leave to appeal.  <u>Matter of Schmidt (Comm'r of Labor)</u>, 821 N.E.2d 972 (N.Y. 2004).  The DOL thereafter demanded that Schmidt repay the unemployment benefits she had received.

Turning to the present complaint, Schmidt premises her claim that Sections 594 and 597(4) violate due process on the assertion that the DOL's determination that she willfully made a false statement to obtain unemployment benefits ("DOL determination") "automatically" triggers criminal penalties or at least constitutes an accusation of crimes, under a number of

3

statutes.[1]  On the basis of this assertion, and because Sections 594 and 597(4) do not require proof beyond a reasonable doubt or accord various protections due criminal defendants, Schmidt contends that these two provisions expose her to criminal liability without due process of law.  Schmidt does not allege that she has been criminally prosecuted as a result of the DOL determination.  Schmidt brings both facial and as-applied challenges to Sections 594 and 597(4).

Schmidt appears to allege two bases for her Section 1983 action.  First, liberally construing her pleading, she alleges that the DOL determination was based on no evidence, thereby denying her due process.  Second, she alleges that the DOL determination is unconstitutional because it simultaneously stigmatizes her as a criminal, deprives her of the unemployment compensation that the DOL has ordered her to return, and burdens her with various collateral civil penalties (a "stigma plus"

---

[1] Schmidt identifies the criminal statutes as New York Labor Law Section 632 (misdemeanor offense for willfully making a false statement to obtain benefits); New York Penal Law § 158.15 (welfare fraud in the third degree); 8 U.S.C. § 1001 (Fraud and False Statements); 18 U.S.C. § 666 (Theft or Bribery Concerning Programs Receiving Federal Funds); and 18 U.S.C. § 641 (Public Money, Property, or Records).

4

claim).  Schmidt raised all of these claims before the Appellate Division.[2]

DISCUSSION

Standing

Standing is assessed on the basis of the pleadings, and thus a court accepts as true "all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  Bldg. & Constr. Trades Council v. Downtown Dev., Inc., 448 F.3d 138, 144 (2d Cir. 2006) (citation omitted).  To have standing under Article III of the United States Constitution, "a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision."  Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  "[T]he harm must be 'actual or imminent,' not 'conjectural or hypothetical.'"  Id. at 264 (citing Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990)).

Schmidt has standing with respect to claims concerning past or imminent harm to herself.  To the extent the complaint asserts a facial challenge, seeking to protect the rights of

---

[2] Certain passages of legal analysis from Schmidt's pro se Appellate Division brief of November 29, 2002 appear verbatim or nearly so in the complaint.

other individuals who might be affected by Sections 594 and 597(4), however, Schmidt lacks standing.  See <u>Farrell v. Burke</u>, 449 F.3d 470, 494-95 & n.10 (2d Cir. 2006) (vagueness and overbreadth challenges recognized where fundamental rights are implicated); <u>Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.</u>, 418 F.3d 168, 173-74 (2d Cir. 2005).

<u>Rooker-Feldman Doctrine</u>

Under the <u>Rooker-Feldman</u> doctrine, lower federal courts lack jurisdiction to review judgments of state courts, or to hear cases that "seek to resolve issues that are inextricably intertwined with earlier state court determinations."  <u>Vargas v. City of New York</u>, 377 F.3d 200, 205 (2d Cir. 2004) (citation omitted).  "[W]here a federal plaintiff had an opportunity to litigate a claim in a state proceeding, subsequent litigation will be barred under the <u>Rooker-Feldman</u> doctrine if it would be barred under principles of preclusion," including collateral estoppel.  <u>Id.</u> (citation omitted).

Under the Full Faith and Credit Clause of the United States Constitution and Section 1738 of Title 28 of the United States Code, New York State preclusion law determines whether Schmidt's state action precludes the present action.  See <u>Evans v. Ottimo</u>, 469 F.3d 278, 281 (2d Cir. 2006).

6

> [C]ollateral estoppel bars relitigation of an issue
> when (1) the identical issue necessarily was decided
> in the prior action and is decisive of the present
> action, and (2) the party to be precluded from
> relitigating the issue had a full and fair opportunity
> to litigate the issue in the prior action.

Id. at 281-82 (citation omitted).

Schmidt's complaint recognizes that collateral estoppel bars her from relitigating "the issues that gave rise to Willful False Statement Claim in any subsequent proceeding involving the same issues."  In fact, all of the dispositive issues in the present action were raised and necessarily decided in the prior action.  Schmidt also had a full and fair opportunity to litigate before the New York State courts the issues she raises here.

Schmidt argues that collateral estoppel should not apply because the state courts that heard her claims lacked the power to grant the full measure of relief she now seeks.  A state court's inability to award certain relief available in federal court is a bar to res judicata, not to collateral estoppel.  See Vargas, 377 F.3d at 205.  Her claims are barred by collateral estoppel, and the Court lacks subject matter jurisdiction.

CONCLUSION

Defendants' motion to dismiss is granted, and the complaint is dismissed. The Clerk of Court is directed to enter judgment for the defendants and to close the case.

SO ORDERED:

Dated:   New York, New York
         February 23, 2007

          _____
                    DENISE COTE
          United States District Judge